UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICK BRIGGS, | ) |
| Plaintiff, | ) No. CV-08-3033-JPH<br>)<br>) ORDER GRANTING DEFENDANT'S |
| v. | ) MOTION FOR SUMMARY JUDGMENT<br>) |
| MICHAEL J. ASTRUE, Commissioner<br>of Social Security, | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on March 13, 2009. (Ct. Rec. 15, 18). Attorney Thomas A. Bothwell represents Plaintiff; Special Assistant United States Attorney David J. Burdett represents the Commissioner of Social Security ("Commissioner"). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 6.) After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 18) and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 15.)

**JURISDICTION**

Plaintiff filed applications for disability insurance benefits (DIB) and supplemental security income (SSI) on June 25, 2005, alleging onset as of January 19, 2003. (Tr. 68-70, 557-560.) The applications were denied initially and on

ORDER GRANTING DEFENDANT'S
FOR SUMMARY JUDGMENT                                              - 1 -

reconsideration. (Tr. 38-39, 42-45, 46-49, 553-555.)

Administrative Law Judge (ALJ), R. J. Payne held a hearing on December 10, 2007. (Tr. 565-585.) Plaintiff, represented by counsel, and vocational expert William R. Wright testified. On January 11, 2008, the ALJ issued his decision finding plaintiff not disabled. (Tr. 12-27.) The Appeals Council denied a request for review on March 21, 2008. (Tr. 3-6.) Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on May 21, 2008. (Ct. Rec. 2, 4.)

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcripts, the ALJ's decisions, the briefs of both Plaintiff and the Commissioner, and are summarized here.

Plaintiff was 49 years old on the date of the ALJ's decision. (Tr. 567.) He indicates he completed the eleventh grade (Tr. 79), and that he graduated from high school in 1978 (Tr. 141). Plaintiff has past work as a laborer, dishwasher, and cook. (Tr. 126.) He alleged disability onset as of January 19, 2003, initially due to severe back pain, hepatitis C, diabetes and high blood pressure. (Tr. 74.) Plaintiff later indicated he was diagnosed with severe depression and anxiety on December 2, 2005. (Tr. 88.)

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 2 -

which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).  Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520, 416.920.  Step one determines if the person is engaged in substantial gainful activities.  If so, benefits are denied.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied.  If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P

App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity ("RFC") assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a

Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579

(9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

At the outset, the ALJ found plaintiff met the DIB requirements through June 30, 2005. (Tr. 12, 14.) The ALJ found at step one that although plaintiff has worked since onset, his earnings have been below substantial gainful activity. (Tr. 24.) At steps two and three, the ALJ found that plaintiff suffers from status post amputation of the right index finger, diabetes mellitus, uncontrolled, and depression, impairments that are severe but which do not alone or combination meet or medically equal a Listing impairment. (Tr. 14, 22.) The ALJ did not find that hepatitis C, degenerative disc disease or high blood pressure are severe impairments. (Tr. 22.) The ALJ found plaintiff less than completely credible. (Tr. 22, 24-25.) At step four, relying on the VE, the ALJ found plaintiff's RFC prevents performing his past relevant work. (Tr. 26.) At step five, the ALJ found plaintiff can perform work as a surveillance systems monitor. (Tr. 27.) Accordingly, the ALJ found that plaintiff is not disabled as defined by the Social Security Act. (Tr. 27.)

**ISSUES**

Plaintiff contends that the Commissioner erred as a matter of law by failing to properly assess the medical evidence and plaintiff's credibility. (Ct. Rec. 16 at 1-2.) The Commissioner responds that the ALJ appropriately weighed the evidence and asks the Court to affirm his decision. (Ct. Rec. 19 at 6).

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947, F. 2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F. 2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989) (citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Cater*, 81 F.3d 821, 830 (9th Cir. 1996). Correspondingly, more

weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F. 3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F. 3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F. 3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

<u>Dr. Cox's opinion</u>

Plaintiff contends that the ALJ erred at step two by failing to properly credit treating physician W. T. Cox, D.O.'s opinion that plaintiff suffers from severe diabetic peripheral neuropathy, low back pain/spinal disorder, and needs to rest 90 minutes in eight or nine hours. (Ct. Rec. 16 at 9-10, 14.) The ALJ gave little weight to Dr. Cox's opinion because it: (1) appears based on plaintiff's unreliable self-report; and (2) is inconsistent with negative back examinations and x-rays showing only minimal findings. (Tr. 25.)

An impairment or combination of impairments may be found "not

weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F. 3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F. 3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F. 3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

<u>Dr. Cox's opinion</u>

Plaintiff contends that the ALJ erred at step two by failing to properly credit treating physician W. T. Cox, D.O.'s opinion that plaintiff suffers from severe diabetic peripheral neuropathy, low back pain/spinal disorder, and needs to rest 90 minutes in eight or nine hours. (Ct. Rec. 16 at 9-10, 14.) The ALJ gave little weight to Dr. Cox's opinion because it: (1) appears based on plaintiff's unreliable self-report; and (2) is inconsistent with negative back examinations and x-rays showing only minimal findings. (Tr. 25.)

An impairment or combination of impairments may be found "not

weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F. 3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F. 3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F. 3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

<u>Dr. Cox's opinion</u>

Plaintiff contends that the ALJ erred at step two by failing to properly credit treating physician W. T. Cox, D.O.'s opinion that plaintiff suffers from severe diabetic peripheral neuropathy, low back pain/spinal disorder, and needs to rest 90 minutes in eight or nine hours. (Ct. Rec. 16 at 9-10, 14.) The ALJ gave little weight to Dr. Cox's opinion because it: (1) appears based on plaintiff's unreliable self-report; and (2) is inconsistent with negative back examinations and x-rays showing only minimal findings. (Tr. 25.)

An impairment or combination of impairments may be found "not

severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb. Barnhart*, 433 F. 3d 683, 686-687 (9th Cir. 2005)(citing *Smolen v. Chater*, 80 F. 3d 1273, 1290 (9th Cir. 1996); *see Yuckert v. Bowen*, 841 F. 2d 303, 306 (9th Cir. 1988). If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation should not end with the not severe evaluation step. S.S.R. No. 85-28 (1985). Step two, then, is "a de minimus screening device [used] to dispose of groundless claims," *Smolen*, 80 F. 3d at 1290, and an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is "clearly established by medical evidence." S.S.R. 85-28. The question on review is whether the ALJ had substantial evidence to find that the medical evidence clearly established that the claimant did not have a medically severe impairment or combination of impairments. *Webb*, 433 F. 3d at 687; *see also Yuckert*, 841 F. 2d at 306.

With respect to neuropathy, agency consulting physician Paul Frye, M.D., notes it does not appear in the medical record until November of 2005, nearly three years after onset. (Tr. 149.) Dr. Frye notes his review of the record with respect to a spinal disorder shows consistently negative back exams, and spinal x-rays reveal only minimal spondylosis. (Tr. 149). Lumbar spine x-rays on April 19, 2004 (more than a year post onset), show mild degenerative changes in the lumbar spine. (Tr. 229). Treating physician Jawad Iqbal, M.D., notes on May 31, 2005, back exams

have been within normal limits, plaintiff is well ambulatory, appears to have no problem walking around, and shows no limitation of movement. (Tr. 375.) On September 20, 2005, Dr. Iqbal points out that plaintiff has complained of generalized aches and pains for a long time, and is always asking for narcotic medications. (Tr. 267.) Lumbar x-rays in 2005 show minor degenerative changes; otherwise within normal limits. (Tr. 376.) Spinal x-rays on December 24, 2006, show no significant disc space narrowing; lumbar spondylosis noted. (Tr. 189).

To further aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found him less than fully credible. (Tr. 22, 24-25.) Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F. 3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F. 3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F. 2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F. 3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F. 3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify

what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F. 3d at 834; *Dodrill v. Shalala*, 12 F. 3d 915, 918 (9th Cir. 1993).

The ALJ relied on several factors when he assessed credibility: plaintiff's drug seeking behavior; failure to follow recommended courses of treatment, including medication compliance; inconsistent statements, including reporting of medical conditions, and activities inconsistent with the degree of impairment alleged. (Tr. 24-25.)

Plaintiff's drug seeking behavior is well documented, including: a hospital record dated June 10, 2004, indicates plaintiff tested positive for cannabinoids and cocaine (Tr. 355). On May 31, 2005, treating physician Dr. Iqbal notes plaintiff used 30 vicodin in 3 days (Tr. 375). On August 23, 2006, treating physician Dr. Robert Kuhns, D.O., observes other treatment providers have taken plaintiff off of narcotic medications (Tr. 181). On April 27, 2007, Dr. Kuhns notes plaintiff said he lost his medicine (Tr. 177).

The record similarly reveals plaintiff fails to follow through with prescribed medical care, including not observing dietary restrictions and failing to take prescribed medication for diabetes mellitus, as well as failing to take prescribed medication for high blood pressure. *See e.g.*, Tr. 477 (noncompliant with diabetes treatment, blood sugar at 407); Tr. 152 (blood sugar controlled well while hospitalized); Tr. 181 (July 1, 2006: out of medications for several months); Tr. 195 (not elevating hand post-surgery and lost sling); and Tr. 214 (September 14, 2004 – out of all medications one month).

Inconsistencies include, as noted by the ALJ at Tr. 24-25: (a) plaintiff's testimony that he had never used drugs (Tr. 572) is contradicted by a positive drug test for cannabinoids and cocaine in June of 2004 (Tr. 355); (b) plaintiff sought medication for an upcoming flight, but his spouse later indicated plaintiff had a bus rather than a plane ticket, and, unbeknownst to her for two weeks, rather than use the bus ticket he stayed in the company of his brothers who used drugs and were wanted by the police (Tr. 304-305; 315); and (c) plaintiff gave differing reports of the reasons leading to the amputation of his right index finger. These included falling two stories from a building, jamming his finger, slamming it in a car door, and complications from a prior injury and subsequent surgery (Tr. 291, 304, 317, 569). The medical record shows plaintiff insisted on amputation despite John Adkison, M.D.'s opinion that, despite some stiffness, plaintiff's finger retained a very functional range of motion. (Tr. 291.)

The ALJ notes plaintiff's activities are inconsistent with the degree of impairment alleged. (Tr. 24.) Plaintiff testified he could walk only 1 to 3 blocks, and sit and stand on a very limited basis. (Tr. 569-572.) The medical record, however, shows injuries sustained while playing baseball and basketball. (Tr. 238, 246, 295, 297, 330, 375.)

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F. 3d 947, 958-959 (9th Cir. 2002)(proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities). Noncompliance with medical care or

unexplained or inadequately explained reasons for failing to seek medical treatment also cast doubt on a claimant's subjective complaints. 20 C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F. 2d 597, 603 (9th Cir. 1989). In rejecting Dr. Cox's opinion, the ALJ relied on the opinions of other treating physicians, on his credibility determination, and on objective test results. He gave reasons that are legitimate, specific, and supported by substantial evidence in the record. *See Lester v. Chater*, 81 F. 3d 821, 830-831 (9th Cir. 1995)(holding that the ALJ must make findings setting forth specific, legitimate reasons for rejecting the treating physician's contradicted opinion).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F. 2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

Plaintiff argues the ALJ erred by failing to find diabetic peripheral neuropathy and a spinal disorder severe impairments. (Ct. Rec. 16 at 7-11, 14-15.)

The ALJ's determination that these impairments are non-severe (i.e., cause no more than a slight abnormality that would have no more than a minimal effect on his ability to work) is fully supported by the medical and other evidence. *See* 20 C.F.R. §§ 404.1521 and 416.921.

1     The ALJ properly rejected neuropathy and a spinal disorder as
2 severe impairments because the record shows they have not been
3 disabling.  The ALJ provided clear and convincing reasons
4 supported by the record for finding plaintiff's allegations not
5 fully credible.  The ALJ weighed the medical evidence and failed
6 to adopt some of the opinions of Dr. Cox, although even Dr. Cox
7 opined plaintiff was capable of sedentary work at his maximum
8 level of ability.  The ALJ relied on the opinions of other
9 treating, examining and consulting professionals, on the objective
10 test results on which they relied, and on his assessment of
11 plaintiff's credibility.  The ALJ gave specific
12 and legitimate reasons, supported by substantial evidence, for
13 rejecting some of the assessed limitations.  The ALJ's assessment
14 of the medical evidence, including his step two determination and
15 credibility assessment, is supported by the record and free of
16 legal error.

17 B. VE's testimony

18     The VE testified that a person with plaintiff's RFC and
19 background could work as a surveillance system monitor as long as
20 he could remain alert at all times. (Tr. 579.)  He stated that
21 there are 400,000 such positions available nationally and 20,000
22 locally. (Tr. 579.)  Plaintiff appears to argue that the VE's
23 testimony is unsupported.  As noted, the ALJ's RFC determination
24 is fully supported by the evidence.  Accordingly, the ALJ properly
25 relied on the VE's testimony premised on the fully supported RFC
26 determination.  Nor is plaintiff correct that the ALJ was required
27 to find more than one type of job  plaintiff could perform.  (Ct.
28 Rec. 16 at 15-16.)  The ability to perform work, as defined by the

regulations, does not require an ability to perform different occupations.  42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B); *and see Martinez* v. *Heckler,* 807 F.2d 771, 775 (9th Cir. 1986)(3,750 local jobs a significant amount of available work).

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 18)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 15)** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel for Plaintiff and Defendant, enter judgment in favor of Defendant, and **CLOSE** this file.

DATED this 25th day of March, 2009.

s/ James P. Hutton
JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE